IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MICHAEL KILLINGSWORTH, | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 15-00537-KD-B |
| | * |
| LEE POSEY DANIELS, | * |
| | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

David Michael Killingsworth, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.[1] Kelley v. Secretary for the Dep't of Corrs., 377 F.3d 1317 (11th Cir. 2004).

---

[1] Because Killingsworth filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley, 377 F.3d at 1337. Killingsworth has failed to establish that an evidentiary hearing is warranted in this case. Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

1

Having carefully considered Killingsworth's petition, Respondent's answer (Doc. 10), and Killingsworth's reply (Doc. 11), the undersigned finds that Killingsworth's petition is untimely and that equitable tolling is not appropriate. Accordingly, it is **RECOMMENDED** that Killingsworth's habeas petition be **DISMISSED** as time-barred; that judgment be entered in favor of Respondent and against Petitioner, David Michael Killingsworth, pursuant to 28 U.S.C. § 2244(d); and that Killingsworth is not entitled to the issuance of a certificate of appealability, nor is he entitled to appeal *in forma pauperis*.

## I. BACKGROUND FACTS

On September 27, 2010, Killingsworth pled guilty to murder in the Circuit Court of Mobile County, Alabama, and was sentenced to life imprisonment. (Doc. 1 at 22; Doc. 10-1 at 5, 28-29, 71). On January 12, 2011, Killingsworth filed a motion to withdraw his guilty plea (Doc. 1 at 22; Doc. 10-1 at 71). It was denied as untimely on January 19, 2011. (Doc. 1 at 22; Doc. 10-1 at 6, 71). In the order denying Killingsworth's motion, the Circuit Court advised him that he could present his arguments "in a timely Rule 32 petition." (Doc. 1 at 22-23; Doc. 10-1 at 71-72). On April 27, 2011, Killingsworth filed a motion for discovery, which was granted. (Doc. 1 at 23; Doc. 10-1 at 6, 72). He filed two other motions for discovery, both of which were denied. (Id.).

Proceeding *pro se*, Killingsworth filed a Rule 32 petition on September 4, 2013. (Doc. 1 at 23, 30; Doc. 10-1 at 53, 72). The Circuit Court summarized Killingsworth's arguments as follows:

> In addition to his petition (and attachments thereto), Killingsworth filed a "Response to the State's Brief" on November 19, 2013, and a "Supplement Amendment" in April 2014. As best this Court can discern from those filings, Killingsworth states four grounds for Rule 32 relief. First, he challenges the sufficiency of the evidence. Next, Killingsworth asserts that the indictment was defective. Also, Killingsworth contends that his plea was involuntary. Finally, Killingsworth asserts that he was denied effective assistance of trial counsel for various reasons.

(Doc. 1 at 23-24; Doc. 10-1 at 72-73). On April 16, 2014, the court dismissed Killingsworth's Rule 32 petition as untimely. (Doc. 1 at 27; Doc. 10-1 at 76). The Court also found that his claims were precluded from review because they could have been raised at trial or on appeal. (Id.). In discussing of untimeliness of Killingsworth's Rule 32 petition, the Circuit Court stated:

> The limitations period for filing a Rule 32 petition is within one year after the issuance of a certificate of judgment by the Court of Criminal Appeals (or within one year after the time for appealing lapses). Ala. R. Crim. P. Rule 32.2(c). This Rule 32 petition was filed almost two years after the lapse of Killingsworth's time for appeal. See Ala. R. App. P. Rule 4(b)(1). Killingsworth has failed to assert any basis for equitable tolling, and the grounds raised by Killingsworth are nonjurisdictional. Thus, the petition is time-barred and due to be summarily dismissed on that basis. See Ala. R. Crim. P. Rule 32.2(c); see also *Davenport v. State*, 987 So. 2d 652, 655 (Ala. 2007).

(Doc. 1 at 23; Doc. 10-1 at 72).

3

On May 13, 2014, Killingsworth filed a notice of appeal, and the Alabama Court of Appeals affirmed the Circuit Court's decision denying his Rule 32 petition on September 26, 2014. (Doc. 1 at 31; Doc. 10-1 at 108-09; Doc. 10-4 at 5). Killingsworth filed an application for rehearing (Doc. 10-5) on or around October 9, 2014, which was overruled on October 17, 2014. (Doc. 10-6 at 2). On October 29, 2014, Killingsworth filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 10-7), which was denied on January 16, 2015. (Doc. 10-8 at 2).

Killingsworth filed the instant federal habeas petition on October 19, 2015.[2] (Doc. 1 at 21). In his federal petition, Killingsworth attacks his conviction on the following grounds: (1) the evidence, including inconsistent testimony by the state's witnesses, was insufficient (id. at 5-12); (2) the indictment was defective because it failed to "sufficiently apprise him of the charge he was called to defend against" (id. at 12); (3) his guilty plea was not voluntary guilty because he was "coerced by his attorneys" (id. at 14); and (4) his attorney provided ineffective assistance. (Id. at 15).

In Respondent's brief in opposition to Killingsworth's petition, Respondent asserts that Killingsworth's conviction

---

[2] Pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

4

became final on November 9, 2010, that his Rule 32 petition, filed in 2013, was untimely filed; thus, it had no tolling effect, and that Killingsworth's federal habeas petition was filed beyond the one-year period of limitations contained in 28 U.S.C. § 2244(d); thus, it is untimely. (Id. at 11).

For the reasons set forth herein, the undersigned **RECOMMENDS** that Killingsworth's petition be **DISMISSED** as time-barred.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, the AEDPA imposes a one-year limitations period on § 2254 actions and includes one of several commencement dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). The conviction at issue in the instant petition occurred on September 27, 2010, when Killingsworth pled guilty to murder and was sentenced to life imprisonment. Since Killingsworth did not appeal his sentence within forty-two days of the entry of judgment, it became final on November 9, 2010. See Ala. R. App. P. 4(b)(1). The limitations period for filing under the AEDPA expired one year after Killingsworth's conviction became final, or on November 9, 2011,

6

unless Killingsworth can demonstrate that the tolling provisions of the AEDPA were triggered.[3]

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Killingsworth filed a Rule 32 petition with the state court, it was dismissed as untimely. The law is clear that petitions "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court."). Because the AEDPA limitations period had already expired by the

---

[3] While §2244(d)(1)(D) provides that the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence as a commencement date, Killingsworth has not demonstrated that this provision applies. As determined by the Alabama Court of Criminal Appeals, Killingsworth's reliance on alleged witness statements identifying someone else as the shooter fails because he was aware of the alleged witness statements at the time of trial. (Doc. 10-4 at 5).

7

time Killingsworth filed his Rule 32 petition in 2013, that petition had no tolling effect. It necessarily follows that Killingsworth's federal habeas petition, which was filed almost three years after the expiration of the AEDPA's one-year deadline, is untimely.

Before recommending dismissal of Killingsworth's habeas petition as untimely, the Court must determine whether Killingsworth has pled extraordinary circumstances that require a contrary conclusion. That is, the Court must examine whether Killingsworth has demonstrated that the equitable tolling provisions of the AEDPA have been triggered, which will excuse the untimeliness of his petition.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik [v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy, which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645 (2010) ("§ 2244(d) is subject to equitable tolling in appropriate cases[,] . . . We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights

8

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); Diaz v. Secretary for the Dep't of Corrs., 362 F.3d 698 (11th Cir. 2004). Moreover, as a general rule, the "'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dep't of Corrs., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S. Ct. 1965 (2002).

In this case, Killingsworth has failed to establish a basis for equitable tolling of the statutory limitations period. Killingsworth has neither alleged nor demonstrated that the existence of extraordinary circumstances beyond his control prevented him from filing a timely federal habeas petition with this Court.[4] Killingsworth has also failed to meet the heavy burden of showing that he exercised reasonable diligence in exercising his rights. See Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. 2002); Hawks v. Secretary, DOC, 2014 U.S. Dist. LEXIS 13708, 2014 WL 445991, *2 (M.D. Fla. Feb. 4, 2014); Shelby v. McNeil, 2010 U.S. Dist. LEXIS 45036, 2010 WL 1850524, *5 (N.D.

---

[4] Indeed, Killingsworth was aware of his option to file a timely Rule 32 petition for more than ten months before the limitations period expired. (Doc. 1 at 23-24; Doc. 10-1 at 71-72).

9

Fla. April 14, 2010); Doyle v. Brown, 2008 U.S. Dist. LEXIS 115726, 2008 WL 4593377, *2 & n.2 (S.D. Ga. Oct. 14, 2008).[5]

Where Respondent has asserted the defense of statute of limitations and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of the AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that, because Killingsworth has neither demonstrated actual innocence nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

### III.  **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a

---

[5] Alternatively, to the extent that Killingworth seeks to overcome the time bar by alleging a miscarriage of justice/actual innocence exception, he has failed to come forth with "new reliable" evidence that was unknown to him at the time that he entered his pleas of guilty.

constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.").

In the instant case, Killingsworth's claims are time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant

11

petition or that Killingsworth should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether Killingsworth's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DISMISS** Killingsworth's petition with prejudice as time-barred and find that he is not entitled to a Certificate of Appealability, and that he is not entitled to proceed *in forma pauperis* on appeal.[6]

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

---

[6] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

12

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **9th** day of **January, 2019**.

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**